**RECORD IMPOUNDED**

NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4682-14T2

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

A.S.-M.,

    Defendant-Respondent.

_____

┌─────────────────────────────┐
│ **APPROVED FOR PUBLICATION** │
│                              │
│      **February 26, 2016**   │
│                              │
│     **APPELLATE DIVISION**   │
└─────────────────────────────┘

Submitted February 8, 2016 — Decided February 26, 2016

Before Judges Lihotz, Fasciale and Higbee.

On appeal from Superior Court of New Jersey, Law Division, Somerset County, Indictment No. 13-01-0008.

Geoffrey D. Soriano, Somerset County Prosecutor, attorney for appellant (Rory A. Eaton, Assistant Prosecutor, of counsel and on the brief).

Joseph E. Krakora, Public Defender, attorney for respondent (Jason A. Coe, Assistant Deputy Public Defender, of counsel and on the briefs).

The opinion of the court was delivered by

FASCIALE, J.A.D.

The State appeals from a June 16, 2015 order granting defendant's motion to reinstate him into the pre-trial intervention (PTI) program. The court treated defendant's

motion as one seeking reconsideration of a prior order, which terminated defendant's participation in the program, purportedly because he violated various PTI conditions. The State challenges the order as erroneous arguing (1) readmission into the PTI program contravenes N.J.S.A. 2C:43-12(g)(1) and Guideline 3(g) of Rule 3:28, which the State contends allows a defendant the benefit of only one opportunity to participate in PTI; (2) the court disregarded the established procedure for PTI admission and undermined the prosecutor's role in the process; and (3) defendant's non-compliance rendered him a poor candidate for reentry into the PTI program.

We hold that reconsideration of an order terminating a defendant from the PTI program is not precluded by N.J.S.A. 2C:43-12(g)(1) and Guideline 3(g) of Rule 3:28. That is, a defendant terminated from the PTI program may be reinstated upon reconsideration. Such a reconsideration is especially permissible when circumstances show the initial order terminating a defendant from PTI failed to adhere to the requirements of N.J.S.A. 2C:43-13(e), including the obligation to undertake a "conscientious judgment" to (1) adequately consider whether the participant willfully violated the PTI conditions; and (2) determine whether the defendant remains a viable candidate for PTI under the original or modified PTI

terms.  State v. Devatt, 173 N.J. Super. 188, 194-95 (App. Div.), certif. denied, 84 N.J. 441 (1980).  We affirm.

## I.

Defendant worked as a cashier in a department store and was arrested for under-ringing merchandise for two individuals to whom he owed money.  A grand jury indicted and charged him with committing third-degree shoplifting, N.J.S.A. 2C:20-11(b)(5). Defendant, who was twenty-one-years old at the time, a lawful permanent resident of this country, and had no criminal history, applied for admission into the PTI program.  The prosecutor granted defendant's application and imposed various conditions on the supervisory treatment.

Approximately four months after defendant entered the PTI program, the State moved to terminate defendant from the program, arguing: defendant failed to report to his probation officer; failed to submit to a substance abuse evaluation; tested positive for marijuana use; failed to pay fines; and failed to complete community service.  The first judge scheduled a PTI termination hearing, at which defendant did not appear. Following review, the judge ordered defendant's participation in PTI terminated; however, he expressed no findings on whether defendant willfully violated the PTI conditions or remained a viable candidate for supervisory treatment.  The first judge

entered the termination order and re-listed the case for a status conference.

At the next scheduled status conference, defense counsel indicated she would "contact PTI to see if they [were] in any way inclined to accept [defendant] back into [the] PTI [program,]" and if so, she would file a motion for that relief. At the next conference, before a new judge (the second judge), defense counsel reported "probation" was unwilling "to join an application to reopen [defendant's PTI] file[,]" and that she intended to file a motion. The second judge listed the matter for oral argument in March 2015.

At oral argument, defense counsel maintained defendant generally complied with all PTI conditions, although she acknowledged he "didn't fully comply" and missed some meetings with his probation officer. She asserted defendant attempted to schedule his substance abuse evaluation, but lacked the funds to do so given the time period allotted; struggled paying his fines because he was indigent; completed more than half of his community service hours; and had remained offense free. She urged the court to readmit defendant into the PTI program, especially because he was subject to deportation and had a young child.

The State strenuously objected to defendant's reinstatement into the PTI program. The assistant prosecutor argued defendant "totally disregarded the court," which necessitated the issuance of a bench warrant; was a poor candidate for PTI; and "had his chance."

At the hearing, defendant admitted he would test positive for marijuana if tested that day. The second judge, who was clearly frustrated with defendant's lack of appreciation for the risk of deportation, reserved decision. To fully ascertain whether defendant remained a good candidate for supervisory treatment, the second judge relisted the matter giving defendant the opportunity to demonstrate he could remain drug free.

In June 2015, the parties returned to court. The second judge noted defendant tested negative for drug use on five separate occasions since March 2015. The assistant prosecutor maintained the State's objection to defendant's reentry into the PTI program, arguing that defendant was procedurally barred from seeking reinstatement after termination by the court. The second judge rejected the State's argument:

> It seems to me the whole point of [PTI]
> . . . is to help offenders get on the right
> path, and do what they ought to be doing, so
> that they don't end up with a criminal
> record.
>
> It does not particularly serve any of
> us well if someone has a criminal record for

A-4682-14T2

> one offense that perhaps was a youthful misdirection . . . and then can't get a job [and] can't be a part of functioning society . . . .
>
> . . . .
>
> But since the underlying purpose is rehabilitation, and we can expect from the people in rehabilitation to make some mistakes along the way, I am going to readmit [defendant] to [the PTI program] . . . .

The second judge then modified the PTI terms by extending defendant's participation in the PTI program for one year, requiring him to undergo a drug and alcohol evaluation, and imposing twenty additional hours of community service. She also warned defendant that any violations would result in termination of his supervisory treatment.

## II.

We begin by addressing the State's contention that the plain language of N.J.S.A. 2C:43-12(g)(1) and Guideline 3(g) of Rule 3:28 prohibit defendant's readmission into the PTI program. On this legal question, we review the second judge's conclusions de novo. State v. Reece, 222 N.J. 154, 167 (2015). We conclude the State's argument is misplaced.

## A.

At the outset, we note that the first judge terminated defendant from the PTI program without conducting a sufficient

termination hearing. Termination from PTI is governed by N.J.S.A. 2C:43-13(e), which states, in pertinent part: "the court shall determine, after summary hearing, whether said violation warrants the participant's dismissal from the supervisory treatment program or modification of the conditions of continued participation in that or another supervisory treatment program." This review requires a judge to make a "conscientious judgment[,]" taking into consideration whether that defendant is fit to continue in the program" before deciding whether defendant "wil[l]fully violated [his or her] PTI conditions" justifying termination from PTI. Devatt, supra, 173 N.J. Super. at 194-95.

The first judge did not determine whether defendant willfully violated the PTI conditions, whether defendant remained a suitable candidate for supervisory treatment, or whether dismissal from PTI or modification of the PTI conditions was warranted. Consequently, the record lacks the factual support for the order of termination of PTI.

B.

Even though the PTI termination hearing lacked any meaningful determination as to whether defendant willfully violated the conditions or was otherwise unfit as a PTI candidate, the State argues defendant is procedurally precluded

from seeking reconsideration of that termination based on the plain language of N.J.S.A. 2C:43-12(g)(1) and Guideline 3(g) of Rule 3:28.

The State's argument is premised on its conclusion that defendant will receive supervisory treatment twice as a result of vacating the improvidently-granted termination order. Defendant urges we reject this interpretation, arguing he is not receiving a second opportunity for PTI related to a different offense, but reinstated into the program based on the underlying shoplifting charge.

> PTI is a "diversionary program through which certain offenders are able to avoid criminal prosecution by receiving early rehabilitative services expected to deter future criminal behavior." State v. Nwobu, 139 N.J. 236, 240 (1995). PTI was established initially by Rule 3:28 in 1970. State v. Watkins, 193 N.J. 507, 517 (2008) (citing State v. Leonardis, 71 N.J. 85, 103 (1976) . . . . In 1979, the Legislature incorporated PTI into the overhaul of the criminal codes, establishing PTI as a statewide program pursuant to N.J.S.A. 2C:43-12. Ibid. Thus, PTI programs are "governed simultaneously by [Rule 3:28] and the statute which 'generally mirror[ ]' each other." Ibid. (quoting State v. Wallace, 146 N.J. 576, 582 (1996) (citations omitted)).
>
> [State v. Roseman, 221 N.J. 611, 621 (2015).]

"As always, when interpreting a statute's meaning, we attempt to discern and implement the Legislature's intent."

State v. Drury, 190 N.J. 197, 209 (2007). Applying the basic techniques of statutory interpretation, we first look to the statute's plain meaning. Ibid. If the language of the statute is ambiguous, or "admits to more than one reasonable interpretation, we may look to sources outside the language to ascertain the Legislature's intent." State v. Reiner, 180 N.J. 307, 311 (2004). Extrinsic sources used to discern the Legislature's intent include "the statute's purpose, to the extent that it is known, and the relevant legislative history." Drury, supra, 190 N.J. at 209. Moreover, "[w]hen interpreting court rules, we ordinarily apply canons of statutory construction." Wiese v. Dedhia, 188 N.J. 587, 592 (2006). Thus, we apply the same framework in construing both the statute and court rule at issue.

N.J.S.A. 2C:43-12(g)(1) provides:

> Supervisory treatment may occur only once with respect to any defendant and any person who has previously received supervisory treatment under section 27 of P.L.1970, c.226 (C.24:21-27), a conditional discharge pursuant to N.J.S.[A.] 2C:36A-1, or a conditional dismissal pursuant to P.L.2013, c.158 (C.2C:43-13.1 et al.) shall not be eligible for supervisory treatment under this section.

Guideline 3(g) of Rule 3:28, entitled "Defendants Previously Diverted[,]" states in part that "[s]upervisory treatment may occur only once with respect to any defendant who has previously

been enrolled in a program of [PTI] or conditionally discharged pursuant to N.J.S.A. 24:21-27 or N.J.S.A. 2C:36A-1." Pressler & Verniero, Current N.J. Court Rules, Guideline 3(g) to R. 3:28 (2016).

The statute and rule preclude supervisory treatment if a participant in the PTI program has been conditionally discharged on separate and unrelated charges. A defendant is clearly ineligible for PTI on new, unrelated charges. State v. O'Brien, 418 N.J. Super. 428, 438 (App. Div. 2011).

We consider defendant's reentry into the PTI program, upon reconsideration of an order terminating his participation in the program, a single occurrence of supervisory treatment for purposes of the rule and statute. The plain language of N.J.S.A. 2C:43-12(g)(1) and Guideline 3(g) of Rule 3:28 do not expressly preclude a defendant from seeking reconsideration of an order terminating him from the PTI program, especially when a defendant believes the order was erroneously entered. Nor is there any language in the statute or rule which expressly bars a defendant, who has been erroneously terminated from the program, from being readmitted into the PTI program. Thus, neither the statute nor rule preclude defendant from being reinstated into the PTI program upon reconsideration.

III.

The State alternatively contends that by reconsidering a prior order terminating a participant from supervisory treatment, the second judge disregarded the established procedures for admission into PTI. The State maintains such reconsideration undermines the prosecutor's role in the admission process. The established procedures referenced by the State, however, apply to a prosecutor's initial review of a PTI application, not reconsideration of an erroneously entered termination order.

We briefly summarize the well-settled procedures for admission into the PTI program to demonstrate that the second judge did not undermine the prosecutor's role.

New Jersey's PTI program is governed by N.J.S.A. 2C:43-12 and the Supreme Court's guidelines for implementation, set forth in Rule 3:28. Generally, individuals with no prior convictions are afforded the opportunity to avoid prosecution by receiving rehabilitative services or supervision. N.J.S.A. 2C:43-12(a). A PTI application is initially reviewed by the criminal division manager, R. 3:28; however, the decision to admit an applicant into a PTI program rests with the reasoned discretion of the prosecutor. N.J.S.A. 2C:43-12(e); see also Nwobu, supra, 139 N.J. at 246. N.J.S.A. 2C:43-12(e) identifies seventeen factors

for consideration when examining an application for PTI admission.

Prosecutors exercise broad discretion in determining who to admit into PTI. Nwobu, supra, 139 N.J. at 246. As such, we extend "'enhanced'" deference to that decision. State v. Negran, 178 N.J. 73, 82 (2003) (quoting State v. Baynes, 148 N.J. 434, 443 (1997)). Our "severely limited" review is designed to address "only the 'most egregious examples of injustice and unfairness.'" Ibid. (quoting State v. Leonardis, 73 N.J. 360, 384 (1977)).

If an application is denied, the prosecutor must provide a statement of findings supporting his or her conclusion. N.J.S.A. 2C:43-12(f). A defendant may appeal by moving before the Superior Court to overturn the prosecutor's rejection. Ibid. The burden to "clearly and convincingly establish that the prosecutor's decision constitutes a patent and gross abuse of discretion" rests with the defendant. Watkins, supra, 193 N.J. at 520 (quoting State v. Watkins, 390 N.J. Super. 302, 305-06 (App. Div. 2007)). In State v. Bender, 80 N.J. 84, 93 (1979), the Court defined a "patent and gross abuse of discretion" in the context of a prosecutor's denial of a PTI application:

> Ordinarily, an abuse of discretion will be manifest if defendant can show that a

> prosecutorial veto (a) was not premised upon a consideration of all relevant factors, (b) was based upon a consideration of irrelevant or inappropriate factors, or (c) amounted to a clear error in judgment. In order for such an abuse of discretion to rise to the level of "patent and gross," it must further be shown that the prosecutorial error complained of will clearly subvert the goals underlying [PTI].
>
> [(Citation omitted).]

The "patent and gross abuse of discretion" standard applies to a prosecutor's initial decision to reject a candidate into the PTI program.

Here, the prosecutor considered defendant's application for admission into the program and concluded that he was a suitable candidate for supervisory treatment. Defense counsel did not re-apply to the prosecutor for defendant's admission into the PTI program after the first judge terminated defendant's participation in the program. Rather, she filed a motion for reinstatement of PTI essentially seeking reconsideration of the termination order. Thus, the "patent and gross abuse of discretion" standard ordinarily applicable to a prosecutor's initial decision does not govern a court's discretionary decision on reconsideration to readmit a defendant into PTI. In other words, the court's authority to reinstate a previously admitted participant into the PTI program is not limited to

circumstances where the prosecutor's objection amounts to a "patent and gross abuse of discretion."

IV.

Finally, we reject the State's argument that defendant's non-compliance rendered him a poor candidate for reentry into the PTI program. Defendant's motion for readmission to PTI sought reconsideration of the earlier order terminating defendant's participation in PTI. Motions for reconsideration in criminal matters are committed to the sound discretion of the trial court and are generally intended "to correct a court's error or oversight." State v. Puryear, 441 N.J. Super. 280, 294 (App. Div. 2015).

The first judge's "error or oversight" was failing to determine both whether defendant willfully violated his PTI conditions and whether defendant remained a viable candidate for PTI. On this record, the second judge's determination defendant remained a viable candidate for PTI was amply supported. As a result, we conclude that the second judge did not abuse her discretion.

The second judge specifically monitored defendant's ability to remain drug free for approximately three months, learned that defendant tested negative for drug use on five separate occasions, and concluded defendant remained a viable candidate

14

for PTI. She modified the PTI conditions by extending the duration of the supervisory treatment, imposing new community service obligations, and requiring defendant to undergo a substance abuse evaluation.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION