# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0695-19

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

SHAKERA S. LOWMAN,

      Defendant-Appellant.

_____

Submitted on March 14, 2022 – Decided March 21, 2022

Before Judges Sabatino and Mayer.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 15-04-0297.

Joseph E. Krakora, Public Defender, attorney for appellant (Morgan A. Birck, Assistant Deputy Public Defender, of counsel and on the briefs).

James O. Tansey, First Assistant Prosecutor of Union County, attorney for respondent (Joseph M. Nielsen, Assistant Prosecutor, of counsel and on the brief.)

PER CURIAM

Defendant Shakera S. Lowman appeals from an August 8, 2019 judgment of conviction for endangering the welfare of a child by caretaker, N.J.S.A. 2C:24:4(a), after her termination from a Pretrial Intervention (PTI) program. Defendant's appeal focuses on a January 10, 2019 order denying her motion for reinstatement to PTI. We affirm.

Defendant was arrested in 2014 after being found drunk and asleep at the wheel with two minor children in the back seat of her car. Defendant imbibed in excessive amounts of alcohol after learning her cousin, with whom defendant lived, had been murdered. When a police officer approached defendant's car, he discovered the children were not wearing seat belts and found an open bottle of alcohol in the center console cupholder. After the officer shouted and knocked on the car window to wake defendant, the officer smelled alcohol on her breath. Defendant was unable to successfully perform the field sobriety tests administered by the officer.

Defendant was arrested and taken to police headquarters. At the police station, defendant refused to cooperate, cursed at the officers, and struck one officer with her elbow.

Defendant was indicted on two counts of second-degree endangering the welfare of a child by a caretaker, N.J.S.A. 2C:24-4(a) and one count of fourth-

degree aggravated assault on a police officer, N.J.S.A. 2C:12-1(b)(5). After pleading guilty to the child endangerment charges and driving while intoxicated, she was admitted into a PTI program for a three-year period. In conjunction with her admission to PTI, defendant agreed to the following: notifying her probation officer of any address change; reporting to her probation officer as scheduled; maintaining employment; performing sixty hours of community service; paying a $125 fine; and cooperating in any recommended testing, treatment, or counseling. Defendant also acknowledged failure to successfully complete the PTI requirements would result in the State seeking a three-year term of imprisonment on the original charges.

Defendant failed to meet the PTI program's requirements for reporting to probation, attending scheduled appointments, performing community service, and paying all fines. Defendant's probation officer issued a violation notice and a termination hearing was scheduled for January 6, 2017. Because defendant failed to appear at the hearing, she was terminated from the PTI program, and the judge issued a bench warrant.

Defendant attempted to file a motion for reinstatement to PTI in June 2017. However, the application was dismissed based on defendant's failure to

A-0695-19

submit a supporting brief. Defendant refiled a motion for reinstatement to PTI in March 2018.

The motion judge took testimony over three non-consecutive days between August and November 2018. Defendant, her probation officer, and an addiction counselor who participated in defendant's substance abuse evaluation testified at the hearing. While the reinstatement motion was pending, the State offered defendant an opportunity to re-plead to reduced charges of child abuse and neglect that would have resulted in a non-custodial probationary sentence. Defendant declined the plea offer.

Defendant's probation officer provided the following testimony during the motion hearings. According to the probation officer, defendant failed to report to scheduled meetings on five occasions in 2016, failed to complete any of her community service hours, and failed to pay the $125 fine. Defendant was placed into a comprehensive enforcement program to ensure her compliance with the PTI requirements, but she was not successful in the program. Defendant received a warning letter from the probation officer about possible termination from PTI. Despite the warning letter, defendant did not comply with her PTI requirements.

The probation officer told the judge all written notices, including the violation notice, were sent to a Union Township address defendant provided. However, the notice scheduling the PTI termination hearing sent to that address came back as undeliverable. Defendant told the probation officer she lived at two different addresses: her Union Township address and her mother's address. Defendant mentioned she might move to Jersey City but never provided an updated address to her probation officer. When the probation officer telephoned defendant to discuss termination of PTI, defendant cursed, used abusive language, and abruptly terminated the conversations.

A substance abuse counselor testified regarding defendant's substance abuse evaluation. While defendant tested negative for drugs and alcohol, the counselor recommended defendant attend a preventive intervention program to prevent any relapse. Defendant declined to participate the recommended program.

Defendant also testified. She explained her interactions with the probation officer, including updating her mailing address. According to defendant, she did not receive a hearing notice regarding termination of PTI. Defendant also believed a negative test as part of a substance abuse evaluation would not require her participation in any preventative intervention education

A-0695-19

program. While defendant admitted not completing any community service hours, she claimed she was turned away from the community service location and reported the situation to her probation officer. Defendant also conceded she was rude to her probation officer and failed to pay the court ordered fine.

After considering the testimony of the witnesses, reviewing the exhibits and briefs submitted, and hearing the arguments of counsel, in a January 10, 2019 order and attached written decision, the motion judge denied defendant's motion, finding defendant willfully violated the conditions of PTI and was no longer a viable candidate. The judge found defendant's testimony not credible and the testimony of the probation officer credible. In her written decision, the judge noted numerous inconsistencies in defendant's testimony, resulting in the judge discrediting defendant's testimony as "unbelievable."

After being denied reinstatement to PTI, defendant filed a motion to withdraw her guilty plea. The judge denied the motion, stating "PTI is not just privilege, it is a gift." The judge sentenced defendant to three years in prison.

On appeal, defendant raises the following argument:

> THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO REINSTATE DEFENDANT INTO PTI.

We review discretionary decisions by a trial court, such as reinstatement to PTI, for abuse of discretion. State v. R.Y., 242 N.J. 48, 65 (2020). We will

6

reverse discretionary determinations "only when the exercise of discretion was 'manifestly unjust' under the circumstances." Newark Morning Ledger Co. v. N.J. Sports & Exposition Auth., 423 N.J. Super. 140, 174 (App. Div. 2011) (quoting Union Cnty. Improvement Auth. v. Artaki, LLC, 392 N.J. Super. 141, 149 (App. Div. 2007)).

The traditional patent and gross abuse of discretion standard applicable to an initial decision regarding admission to PTI "does not govern a court's discretionary decision on reconsideration to readmit a defendant into PTI." State v. A.S.-M., 444 N.J. Super. 334, 346 (App. Div. 2016). The decision to readmit a defendant to PTI is committed to the sound discretion of the trial court. N.J.S.A. 2C:43-12(g). In reviewing a motion for readmission to PTI, the court must consider whether (1) the defendant willfully violated the conditions of PTI and (2) the defendant remains a viable candidate for PTI under the original or modified PTI conditions. A.S.-M., 444 N.J. Super. at 338-39.

We also owe deference to factual findings made by trial courts and will uphold such findings if the record contains sufficient credible evidence. State v. Reece, 222 N.J. 154, 166 (2015). As a general matter, we "give deference to those findings of the trial judge which are substantially influenced by his [or her] opportunity to hear and see the witnesses and to have the 'feel' of the case,

which a reviewing court cannot enjoy." State v. Locurto, 157 N.J. 463, 471 (1999). We may disregard those findings "only when a trial court's findings of fact are clearly mistaken." State v. Hubbard, 222 N.J. 249, 262 (2015).

Defendant argues the judge abused her discretion in denying reinstatement to PTI. We disagree.

Defendant contends remaining arrest free since the initial arrest supported her reinstatement to PTI. However, not re-offending is just one of the requirements to maintain admission in a PTI program. Defendant overlooks her failure to comply with nearly every other condition of PTI, including reporting to her probation officer, completing community service, and paying the outstanding fine.

Further, defendant's contention her negative test for alcohol and drugs warranted reinstatement to PTI misunderstands the purpose of the evaluation. The substance abuse counselor recommended defendant participate in an early intervention program to provide defendant with appropriate coping mechanisms to avoid dangerous behaviors when confronted with daily stresses and significant life events. In accepting admission to PTI, defendant agreed to comply with recommendations made during her PTI supervision. Here,

A-0695-19

defendant disregarded the recommendation of the substance abuse counselor and her probation officer by declining to enroll in an early intervention program.

We also defer to the judge's detailed findings after three days of testimonial hearings. In discrediting defendant's testimony as "completely unbelievable," and relying on the probation officer's credible testimony, the judge found defendant willfully violated the conditions of PTI. Based on defendant's "willful failure, and defendant's rude and disrespectful treatment of [her probation officer]," the judge concluded defendant was "no longer a viable candidate for PTI."

Having reviewed the record, we are satisfied the judge did not abuse her discretion in denying defendant's motion for reinstatement to PTI. Prior to admission to PTI, defendant acknowledged the significant consequences if she failed to comply with all aspects of the program. Admission to a PTI program is a privilege. Defendant lost her opportunity to avoid incarceration when she willfully failed to comply with the conditions of PTI.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9

A-0695-19