**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0111-20

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DARIAN VITELLO,

    Defendant-Appellant.

_____

Argued April 25, 2022 – Decided June 27, 2022

Before Judges Rothstadt and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Accusation No. 09-10-1946.

Michael B. Roberts argued the cause for appellant (Roberts & Teeter, LLC, attorneys; Michael B. Roberts, on the briefs).

Monica do Outeiro, Special Deputy Attorney General/Acting Assistant Prosecutor, argued the cause for respondent (Lori Linskey, Acting Monmouth County Prosecutor, attorney; Monica do Outeiro, of counsel and on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Darian Vitello appeals from three Law Division orders denying: a May 31, 2017 post-conviction relief (PCR) petition; an August 24, 2020 motion for reconsideration to compel discovery and reopen his PCR; and a March 29, 2021 motion to withdraw his guilty plea and reopen his PCR. We affirm substantially for the reasons cogently expressed by each of the judges in their written decisions.

Factual Background and Procedural History

We rely on the facts set forth in our May 7, 2010 unpublished opinion affirming defendant's plea agreement requiring permanent disqualification from holding public office within the State of New Jersey. See State v. Vitello, No. A-1278-09 (App. Div. May 7, 2010).

PCR Petition

We are constrained to recite the tortured procedural history of this matter in order to place this appeal in perspective. On October 19, 2012, defendant filed a PCR alleging ineffective assistance of counsel and "actual" conflict of interest that adversely affected plea counsel's performance, which demonstrated

A-0111-20

prejudice. Thereafter, defendant's PCR was transferred to the Middlesex County Superior Court by Judge Lawrence M. Lawson in a February 14, 2014 order,

On December 16, 2015, after oral argument, Judge Barry A. Weisberg granted a PCR evidentiary hearing after finding that defendant established a prima facie case of ineffective assistance of counsel.

On October 11, 2016, Judge Travis L. Francis granted an order permitting an in camera review of grand jury voting records. Judge Francis provided redacted copies of the grand jury voting records to the parties on October16, 2016.

Judge Joseph Paone presided over the five-day evidentiary hearing. During one of the hearing days, on February 6, 2017, defendant filed an emergent motion before Judge Francis for an order compelling the testimony of the Monmouth County grand jury clerk and the production of all grand jury materials based on alleged "anomalies" in the grand jury voting records.

On April 25, 2017, three days before written summations were due, defendant submitted a letter request for an extension of time to submit his summation because of the pending emergent motion before Judge Francis. Judge Paone denied defendant's request, noting the record closed on February 7, 2017, and stated, "defendant never advised this court that he had a motion

3

outstanding that required resolution or that there was any reason the record should not be closed." The judge went on to state that he was "absolutely bewildered by counsel's request, made three days before the due date for written submissions, that an extension [was] necessary so that, presumably, this grand jury material should in some fashion be considered by the court." The judge further surmised that "the relevance of the grand jury materials [was] specious." Consequently, defendant's request for an extension was denied.

On May 31, 2017, Judge Paone issued an order, accompanied by a comprehensive thirty-seven-page written opinion, denying defendant's PCR to compel the testimony of the grand jury clerk and to reopen PCR proceedings. The judge found that defendant failed to establish: (1) ineffective assistance of plea counsel; (2) a motion to withdraw his plea would have been meritorious; (3) plea counsel did not file an appeal in the manner requested by defendant; (4) ineffective assistance of counsel based on defendant's allegation of a conspiracy between plea counsel and the prosecutor; and (5) a direct conflict of plea counsel based on defendant's allegations that his plea counsel was involved in a 2005 investigation of defendant while plea counsel worked at the prosecutor's office.

The judge also made credibility determinations. Specifically, the judge found defendant's testimony to be "incredible and inconsistent with the

testimony of other witnesses, and at times with his own previous testimony." He also noted that defendant's "testimony appeared contrived and disingenuous, and he was often evasive and nonresponsive." The judge explained that "[e]ven assuming that [defendant] could establish the first prong of the Strickland[1] test, [defendant] [did not] establish that, but for [plea counsel's] errors, [defendant] would not have pled guilty and would have insisted on going to trial." The judge determined "there [was] little evidence to support [defendant's] claim that he even asked to withdraw his plea, and the evidence that [defendant did] provide in support of his assertion [was] lacking."

In contrast, the judge found that plea counsel's testimony "appeared sincere and his testimony [was] sound [and] consistent with the testimony of other witnesses."

Reconsideration Motions

On February 11, 2019, Judge Alberto Rivas denied defendant's motion for reconsideration of Judge Paone's May 31, 2017 order. In an oral decision, the judge found that there was no error in Judge Paone's decision and that the testimony of the grand jury clerk was not relevant.

---

[1] Strickland v. Washington, 466 U.S. 668, 687 (1984), adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987).

A-0111-20

On August 24, 2020, Judge Michael A. Toto denied defendant's second motion for reconsideration to compel the testimony of the grand jury clerk and for relief from the February 11, 2019 order denying defendant's motion for reconsideration. Judge Toto denied the motion after finding that defendant's "matter ha[d] been litigated to the fullest extent possible in the Law Division."

The judge also "accept[ed] that Judge Francis conducted an in camera review of the original grand jury voting records because it was reasonable to assume that Judge Francis reviewed" the records before forwarding them to counsel.

The judge also concluded "that it was not improper for [a] different judge to preside over defendant's reconsideration motion, thus the decision was not 'palpably incorrect or irrational.'" Moreover, Judge Rivas's denial of defendant's motion to compel the testimony of the grand jury clerk was "sound" and supported by his findings on the record; and "there [was] nothing 'palpably incorrect' with Judge Rivas'[s] decision being informed by the findings of [Judge Paone]" under the law of case doctrine. Defendant appealed this order on September 10, 2020.

On November 24, 2020, while defendant's appeal was pending, he filed a motion to withdraw his guilty plea entered in October 2009. Defendant argued

6

that his guilty plea to harassment was not supported by the facts of the case or made knowingly and voluntarily. He also asserted that under Slater,[2] allowing the guilty plea to stand would create a manifest injustice.

On February 4, 2021, we remanded this matter to the trial court to consider defendant's motion to vacate his guilty plea, but we retained jurisdiction.

Guilty Plea Withdrawal Motion

On March 29, 2021, Judge Colleen M. Flynn issued an order, accompanied by a comprehensive twenty-two-page opinion, denying defendant's motion to withdraw his guilty plea. The judge found that defendant's testimony at the plea hearing belied his claim that: there was no factual basis for the guilty plea; the plea was not "knowingly and intelligently" made; he was not advised of his trial rights; and he did not review discovery with plea counsel prior to his guilty plea.

The judge also noted the record discredited defendant's claim of "ignorance" of the charges against him because he had retained multiple counsel, one of which negotiated the initial plea deal. She further opined that plea counsel revived the initial plea that was previously rejected by defendant. In addition, defendant retained plea counsel to represent him in later domestic

---

[2] State v. Slater, 198 N.J. 145 (2009).

violence and weapons forfeiture proceedings, which contradicted his contention that he was dissatisfied with and mistrusted plea counsel's advice.

Finally, the judge fully analyzed the Slater factors and determined none supported defendant's request to withdraw his plea. The judge found defendant failed to present a colorable claim of innocence because he admitted that he intended to harass when he allocated to the crime of harassment. The judge also found defendant's innocence claim and his unemployability as a law enforcement officer were not compelling reasons for withdrawal or supported by the record. The judge further noted the guilty plea was part of a plea bargain, which weighed against defendant since he conceded plea agreements were "very favorable" to him. Lastly, the State would be prejudiced because "the passage of time would cause a substantive disadvantage to the State and benefit the defendant," if the motion was granted. Thereafter, defendant amended his pending appeal to include Judge Flynn's order.

On appeal, defendant presents the following arguments for consideration.

POINT I

THE COURT BELOW DENIED DEFENDANT ACCESS TO RELEVANT EVIDENCE NEEDED FOR HIS [PCR] HEARING.

POINT II

THE COURT BELOW ERRED IN DENYING DEFENDANT'S PCR WHEN PRIOR COUNSEL PROVIDED INEFFECTIVE ASSISTANCE IN FAILING TO OBTAIN AND REVIEW DISCOVERY WITH THE DEFENDANT AND FAILING TO FILE A MOTION TO WITHDRAW DEFENDANT'S PLEA.

POINT III

[]THE COURT BELOW ERRED IN DENYING DEFENDANT'S MOTION TO VACATE HIS PLEA.

A.  DEFENDANT'S PLEA SHOULD BE VACATED WHEN DEFENDANT DID NOT TESTIFY TO SUFFICIENT FACTS ON THE RECORD TO SUSTAIN HIS PLEA.

B.  []THE COURT BELOW ERRED IN DENYING DEFENDANT'S MOTION TO WITHDRAW HIS PLEA UNDER A SLATER ANALYSIS.

In defendant's supplemental pro se brief, he raises these additional arguments, which are renumbered for ease of reference:

POINT IV

THE STATE COMMIT[T]ED PROSECUTORIAL MISCONDUCT BY PROVIDING TO THE COURT FRA[U]DULENT DOCUMENTS.

POINT V

THE COURT [WAS] MISLED BY THE STATE AND COUNSEL AT THE TIME OF PLEA.

A-0111-20

POINT VI

THE STATE HAS CREATED MULTIPLE
DIFFERENT VERSIONS OF THE GRAND JURY
DOCUMENTS AND VOTING SHEETS.

POINT VII

THE COURT IGNORED A TIMELY FILED
EMERGENT MOTION.

POINT VIII

THE COURT ERRED IN THE PCR DECISION BY
DISTOR[T]ING THE FACTS OF THE TESTIMONY
FROM THE STATE'S OWN WITNESS.

POINT IX

THE STATE COMMITTED PROSECUTORIAL
MISCONDUCT BY REPEATEDLY MISLE[A]DING
THE COURT, COUNSEL, AND DEFENDANT.

POINT X

COUNSEL FAILED TO PERFORM THE LEGAL
DUTIES THAT WERE AGREED UPON TO.

May 31, 2017 PCR Order

"We review the legal conclusions of a PCR judge de novo." State v. Nash,

212 N.J. 518, 540-41 (2013) (citing State v. Harris, 181 N.J. 391, 415-16

(2004)). We defer to a PCR court's factual findings "when supported by

A-0111-20

adequate, substantial and credible evidence."  Harris, 181 N.J. at 415 (quoting

Toll Bros, Inc. v. Twp. of W. Windsor, 173 N.J. 502, 549 (2002)).

In addressing the merits of defendant's PCR, Judge Paone found that the "evidence presented at the evidentiary hearing did not establish plea counsel provided ineffective assistance of counsel" under the Strickland test.  To succeed on a claim of ineffective assistance of counsel, defendant must satisfy both prongs.

Under the first prong, a defendant must demonstrate "counsel's representation fell below an objective standard of reasonableness."  Strickland, 466 U.S. at 688.  Thus, "th[e] test requires [a] defendant to identify specific acts or omissions that are outside the wide range of reasonable professional assistance . . . ."  State v. Jack, 144 N.J. 240, 249 (1996) (citation and internal quotation marks omitted).

To meet the second prong, "[a] defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland, 466 U.S. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Ibid.

A-0111-20

At a PCR hearing, "the burden is on [a defendant] to establish his right to 'relief by a preponderance of the credible evidence.'" Nash, 212 N.J. at 541(quoting State v. Preciose, 129 N.J. 451, 459 (1992)). Therefore, a defendant must present legally competent evidence rather than "bald assertions." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

The Strickland test also applies to plea counsel. State v. Gaitan, 209 N.J. 339, 350-51 (2012). In this regard, a defendant must similarly establish "that there is a reasonable probability that, but for counsel's errors, [he or she] would not have pled guilty and would have insisted on going to trial." Id. at 351 (alteration in original) (quoting State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009)). A defendant must also convince the court that "a decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 372 (2010).

Having carefully reviewed defendant's arguments in light of the record and applicable legal principles, we affirm the May 31, 2017 order for the reasons stated by Judge Paone in his thorough and well-reasoned written opinion. Defendant's bare assertions, unsupported by the record are, and were, insufficient to establish ineffective assistance of counsel. See Cummings, 321 N.J. Super. at 70; see also State v. Jones, 219 N.J. 298, 311-12 (2014).

12

A-0111-20

We add only the following comments. We are bound by the credibility findings of the trial court unless such findings are illogical or unsupported by credible evidence. See Harris, 181 N.J. at 415. Here, the judge made detailed credibility findings and summarized defendant's testimony as "incredible," "inconsistent," "contrived," "evasive" and "nonresponsive." The judge also noted defendant provided no evidence that demonstrated the judge's assessment was incorrect. We therefore conclude the record amply supports the judge's credibility findings.

We hold there is no abuse of discretion in the judge's decision to deny defendant's PCR.

August 24, 2020 Reconsideration Order

On appeal from a denial of a motion to reconsider, our review is limited, but the trial court's denial "will be set aside if its entry is based on a mistaken exercise of discretion." Brunt v. Bd. of Trustees, Police & Firemen's Retirement System, 455 N.J. Super. 357, 362 (App. Div. 2018). A trial court abuses its discretion "when a decision is 'made without a rational explanation, inexplicably depart[s] from established policies, or rest[s] on an impermissible basis.'" Ibid. (quoting Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015)).

"[M]otions for reconsideration are not expressly provided for by Part III of the Rules of Court governing practice in the criminal courts[.]" State v. Wilson, 442 N.J. Super. 224, 233 n.3 (App. Div. 2015), rev'd on other grounds, 227 N.J. 534 (2017). Nonetheless, we apply "the standards contained in Rule 4:49-2 to such applications." Ibid.; see also State v. Timmendequas, 161 N.J. 515, 554 (1999). Consequently, "[m]otions for reconsideration in criminal matters are committed to the sound discretion of the trial court and are generally intended 'to correct a court's error or oversight.'" State v. A.S.-M, 444 N.J. Super. 334, 346 (App. Div. 2016) (quoting State v. Puryear, 441 N.J. Super. 280, 294 (App. Div. 2015)).

We agree with Judge Toto that defendant's case had been "fully litigated in the Law Division." First, defendant's strained argument that he was denied access to grand jury records is spurious based on the motion record. The record establishes that he was provided access to the grand jury records prior to the evidentiary hearing and attempted to present them to his witness at the PCR hearing. Following oral argument regarding the grandy jury records, Judge Paone ruled the grand jury records were irrelevant to the PCR allegations.

Second, neither of defendant's reconsideration motions established that either Judge Paone's or Judge Rivas's decision were "palpably incorrect or

A-0111-20

irrational," or failed "to consider or appreciate the significance of probative, competent evidence." Puryear, 441 N.J. Super. at 294 (quoting Palombi v. Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010)). Accordingly, defendant's second reconsideration motion was properly denied.

March 29, 2021 Plea Order

Defendant challenges the judge's assessment and determination of the Slater factors. Defendant reiterates the arguments presented at the trial court, and further asserts that the alleged victim's deposition testimony is more than a "bald assertion of innocence."

"The standard of review of a trial court's denial of a motion to vacate a guilty plea for lack of an adequate factual basis is de novo." State v. Tate, 220 N.J. 393, 403-04 (2015). Our review is "limited to determining whether the Law Division's de novo findings 'could reasonably have been reached on sufficient credible evidence present in the record.'" State v. Palma, 426 N.J. Super. 510, 514 (App. Div. 2012) (quoting State v. Johnson, 42 N.J. 146, 162 (1964)). "An appellate court is in the same position as the trial court in assessing whether the factual admissions during a plea colloquy satisfy the essential elements of an offense." Id. at 404. We review a trial court's decision applying the Slater factors for an abuse of discretion. Slater, 198 N.J. at 156.

Before a court can accept a defendant's guilty plea, it first must be convinced that (1) "the defendant has provided an adequate factual basis for the plea; (2) the plea is made voluntarily; and (3) the plea is made knowingly." State v. Lipa, 219 N.J. 323, 331 (2014) (citing R. 3:9-2). "Once it is established that a guilty plea was made voluntarily, it may only be withdrawn at the discretion of the trial court." Id. at 332 (citing State v. Simon, 161 N.J. 416, 444 (1999)). In assessing defendant's motion to withdraw, neither a "whimsical change of mind by defendant," nor "belated assertion of innocence will not upset an otherwise validly entered into plea bargain." State v. Huntley, 129 N.J. Super. 13, 18 (App. Div. 1974).

In determining a motion to withdraw a guilty plea, the Court in Slater established four factors to be considered and balanced: "(1) whether the defendant has asserted a colorable claim of innocence; (2) the nature and strength of defendant's reasons for withdrawal; (3) the existence of a plea bargain; and (4) whether withdrawal would result in unfair prejudice to the State or unfair advantage to the accused."  198 N.J. at 150, 157-58.  Although trial courts are directed to "consider and balance all of the factors," "[n]o factor is mandatory; if one is missing, that does not automatically disqualify or dictate relief." Id. at 162.

A-0111-20

Our review of the record establishes that "each element of the offense [was] addressed in the plea colloquy" as required. State v. Campfield, 213 N.J. 218, 231 (2013). As previously noted, defendant's admissions during the plea allocution amply supported a factual basis for his guilty plea. Thus, we are likewise "satisfied 'from the lips of the defendant that he committed the acts which constitute the crime.'" State ex rel. T.M., 166 N.J. 319, 327 (2001) (emphasis added) (quoting State v. Barboza, 115 N.J. 415, 422 (1989)).

We reject defendant's claim that he did not knowingly, intelligently, and voluntarily admit to the guilty plea, as defendant's claims are contradicted by the detailed plea colloquy. Thus, defendant's bald assertion that the veracity of his plea admission should now be nullified is insufficient to allow a withdrawal of his guilty plea. See Cummings, 321 N.J. Super. at 170.

Guided by these legal principles, we discern no abuse of discretion requiring reversal. We are satisfied that the judge's factual findings are supported by substantial credible evidence in the record and her legal conclusions were without error.

The arguments defendant raises in Points IV through X are presented for the first time on appeal. We decline to consider "questions or issues not properly presented to the trial court when an opportunity for such a presentation [was]

17

available." State v. Witt, 223 N.J. 409, 419 (2015) (quoting State v. Robinson, 200 N.J. 1, 20, (2009)).

To the extent that we have not addressed any of defendant's remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION