**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0107-20

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JAZMINE HOLLOWAY, a/k/a
JAZMINE D. HOLLOWAY,
HALLOWAY, and JAZMINE D,

     Defendant-Appellant.

_____

Submitted September 20, 2022 – Decided October 14, 2022

Before Judges Messano and Gilson.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 14-03-0230.

Joseph E. Krakora, Public Defender, attorney for appellant (Zachary Markarian, Assistant Deputy Public Defender, of counsel and on the brief).

James O. Tansey, First Assistant Prosecutor of Union County, Designated Prosecutor for the purpose of this appeal, attorney for respondent (Joseph M. Nielsen, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

In 2014, Jazmine Holloway pled guilty to third-degree resisting arrest, N.J.S.A. 2C:29-2(a), and was admitted into the Pretrial Intervention Program (PTI).  Shortly before completing PTI, Holloway was cited for violations of the program's conditions and, in July 2015, she was terminated from PTI when she failed to appear at a hearing.

In 2019, Holloway learned of her termination and moved for readmission into PTI.  After that motion was denied, she was sentenced to one year of probation.  She now appeals.  We are constrained to vacate the order denying her readmittance into PTI and remand for an evidentiary hearing on (1) whether her PTI was improperly terminated in 2015; and (2) whether she should be readmitted into PTI.

I.

In September 2013, when Holloway was eighteen years old, she had an encounter with police officers and was charged with three crimes:  third-degree eluding, N.J.S.A. 2C:29-2(b); third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(5); and third-degree resisting arrest, N.J.S.A. 2C:29-2(a).

In July 2014, Holloway pled guilty to third-degree resisting arrest and was admitted into PTI.  At the plea, she was represented by a private attorney.  The

A-0107-20

PTI order of postponement stated that Holloway was to be in PTI for twelve months. During that time, she had to comply with conditions, including to remain arrest-free, to regularly report to her probation officer, to perform sixty hours of community service, to maintain full-time employment, to complete a G.E.D. program, and to undergo a drug abuse evaluation.

In May 2015, a probation officer filed a report asserting that Holloway had violated her PTI conditions. The report stated that Holloway had failed to (1) remain arrest-free; (2) report to her probation officer on five occasions; (3) complete her hours of community service; and (4) reschedule a drug abuse evaluation. A PTI termination hearing was scheduled for July 10, 2015, and notice was sent by regular and certified mail to Holloway's last-known address.

At the July 10, 2015 hearing, neither Holloway nor any lawyer representing her appeared. A probation officer informed the court that the notice had been mailed to the address Holloway had given the probation office, the certified mail had been returned unclaimed, but the regular mail had not come back. The court then issued a bench warrant for Holloway's arrest.

At the hearing on July 10, 2015, the court did not address whether the alleged violations had occurred; whether Holloway had willfully violated the PTI conditions; or whether Holloway remained a viable candidate for PTI. See

A-0107-20

N.J.S.A. 2C:43-13(e). That same day, an order was entered terminating Holloway from PTI. There is nothing in the record showing that another hearing, separate from the July 10, 2015 hearing, was conducted.

In 2019, Holloway moved to be readmitted into PTI. She represented that she never received notice of the PTI violation charges or the July 10, 2015 hearing. Holloway explained that she had learned of the warrant for her arrest in 2019, when she applied for a job and a background check revealed the outstanding warrant. She immediately contacted the public defender's office, turned herself in to the court, was released, and thereafter filed for readmittance into PTI.

In seeking readmittance, Holloway represented that since 2015 she has led a law-abiding life.[1] Holloway has also been employed full time and she has continued to pursue educational opportunities, received a high school diploma in 2018, and enrolled in a program to become a certified nurse's aide in 2019.

---

[1] While no evidentiary hearing was conducted, when Holloway was sentenced in 2020, a pre-sentence report was prepared. That report indicates that Holloway was arrested on November 3, 2014, and she pled guilty to a disorderly-persons offense of hindering, N.J.S.A. 2C:29-3. Her criminal record also reflects that in 2017 she pled guilty to municipal court charges of disruption of lawful activities and littering. Apart from Holloway's resisting arrest conviction, she has no other indictable convictions.

A-0107-20

On January 9, 2020, a judge heard oral argument on the motion for readmittance into PTI. The judge did not conduct an evidentiary hearing. Instead, the judge explained that he had read and reviewed the motion papers, he then heard very brief arguments from the public defender representing Holloway, and the State informed him that it would rely on its papers. That same day, the judge issued a written opinion and order denying the motion.

In the written opinion, the judge relied on the 2015 report of the probation officer to find that Holloway had violated her PTI conditions. In that regard, the judge accepted the allegations that Holloway had been arrested in November 2014 for a disorderly-persons offense; she had failed to report to probation on five occasions; she had failed to complete her community service; and she had failed to reschedule and obtain a drug abuse evaluation. Based on the papers submitted with the motion, the judge found that Holloway had not adequately explained why she failed to complete her PTI conditions, and the judge reasoned that Holloway's non-compliance had been willful. Finally, the judge concluded that Holloway was no longer a viable candidate for PTI. Although the judge acknowledged Holloway's efforts to improve her life, including her years of pursuing various education programs and full-time employment, he reasoned

A-0107-20

that because Holloway had not adequately explained her failure to comply with PTI in 2015, she would not be successful in PTI in 2020.

Following the denial of her motion to be readmitted into PTI, Holloway was sentenced on her resisting arrest conviction to one year of probation. She now appeals from that judgment of conviction and the order denying her motion to be readmitted into PTI.

## II.

On appeal, Holloway argues that her 2015 termination from PTI was improper because it was not based on a showing that she had violated her conditions. She also argues that she should have been readmitted into PTI. Because there was no hearing conducted in 2015 that addressed the factors governing the termination of PTI, we reverse the order denying her readmittance into PTI and remand for an evidentiary hearing.

"PTI 'is a diversionary program through which certain offenders are able to avoid criminal prosecution by receiving early rehabilitative services expected to deter future criminal behavior.'" State v. Oguta, 468 N.J. Super. 100, 107 (App. Div. 2021) (quoting State v. Nwobu, 139 N.J. 236, 240 (1995)). A participant approved for PTI enters into written agreements, signed by the prosecutor and the participant, which set forth the terms and duration of the

A-0107-20

supervisory treatment. N.J.S.A. 2C:43-13(a). A participant's enrollment in PTI, however, should not be conditioned upon a guilty plea. See State v. Randall, 414 N.J. Super. 414, 416 (App. Div. 2010) (recognizing that the "Prosecutor's Office erred in attempting to make a guilty plea a condition of defendant's admission into [PTI]"); Guidelines for Operation of Pretrial Intervention in New Jersey, Pressler & Verniero, Current N.J. Court Rules, cmt. on Guideline 4, following R. 3:28 at 1148 (2014);[2] see also State v. Maddocks, 80 N.J. 98, 107 (1979) (noting that a "prosecutor may not condition PTI entrance upon an admission of guilt").

A participant who violates his or her PTI conditions can be terminated from the program. N.J.S.A. 2C:43-13(e). Before a participant can be terminated, "minimum due process requires the State" to provide the participant with "an opportunity to be confronted with evidence in support of or to present evidence against the conclusion" that the participant should be removed from PTI. State v. Devatt, 173 N.J. Super. 188, 194 (App. Div. 1980).

---

[2] Defendant pled guilty and was admitted into PTI in 2014. Accordingly, we cite to the rule and comment in effect at that time. The current rule contains nearly identical language to Guideline 4 of former Rule 3:28. See R. 3:28-5(b)(1), which replaced former R. 3:28. The current rule only permits the State to condition admission into PTI on entry of a guilty plea under limited circumstances, including certain domestic violence offenses or where the defendant is charged with a first- or second-degree offense. See R. 3:28-5(b)(2).

A-0107-20

A court considering a defendant's termination from PTI for alleged violations "shall determine, after summary hearing, whether said violation warrants the participant's dismissal from the supervisory treatment program or modification of the conditions of continued participation in that or another supervisory treatment program." N.J.S.A. 2C:43-13(e). That review requires the court to "undertake a 'conscientious judgment' to (1) adequately consider whether the participant willfully violated the PTI conditions; and (2) determine whether the defendant remains a viable candidate for PTI under the original or modified PTI terms." State v. A.S.-M., 444 N.J. Super. 334, 339 (App. Div. 2016) (quoting Devatt, 173 N.J. Super. at 194-95). The court's "decisions and reasons" ordering defendant's termination from PTI "must be reduced to writing and disclosed to [the] defendant." Guidelines for Operation of Pretrial Intervention in New Jersey, Pressler & Verniero, Current N.J. Court Rules, Guideline 8, following R. 3:28 at 1174 (2015).[3]

"[A] defendant terminated from [PTI] may be reinstated upon reconsideration." A.S.-M., 444 N.J. Super. at 338. "[R]econsideration is especially permissible when circumstances show the initial order terminating a

---

[3] Again, we cite to the rule in place at the time that Holloway was terminated from PTI in 2015.

A-0107-20

defendant from PTI failed to adhere to the requirements of N.J.S.A. 2C:43-13(e)." Id. at 338-39. A motion for readmission into PTI is committed to the sound discretion of the trial court. Id. at 346. Appellate courts will generally refrain from reversing discretionary decisions unless the exercise of discretion was "'manifestly unjust' under the circumstances." Newark Morning Ledger Co. v. N.J. Sports & Exposition Auth., 423 N.J. Super. 140, 174 (App. Div. 2011) (quoting Union Cnty. Improvement Auth. v. Artaki, LLC, 392 N.J. Super. 141, 149 (App. Div. 2007)). Nevertheless, if a trial judge "misconceives the applicable law or misapplies it to the factual" situation, an abuse of discretion can be found. State v. Madan, 366 N.J. Super. 98, 110 (App. Div. 2004) (quoting Wasserstein v. Swern & Co., 84 N.J. Super. 1, 6 (App. Div. 1964)).

Applying the law governing PTI and the termination of PTI, we discern two issues that require a reversal and remand. First, we remand for an evidentiary hearing to address whether Holloway's PTI was properly terminated. The record before us establishes that in 2015, neither the State nor the probation office presented evidence establishing the PTI violations. Accordingly, a hearing must be conducted, and it will be the obligation of the State or the probation office to establish the alleged PTI violations.

Second, based on the resolution of the first issue, the trial court should reconsider whether Holloway should be readmitted into PTI. In reviewing the motion in 2020, the judge accepted, without an evidentiary basis, that PTI had been properly terminated. Accordingly, the judge did not have the opportunity to properly exercise his discretion in determining whether Holloway had willfully failed to comply with her PTI conditions and whether Holloway remains a viable candidate for PTI under the original or modified conditions. Given the procedural context of the order entered in January 2020, we are not convinced that the judge had the opportunity to fully appreciate the undisputed representations by Holloway that for the past several years she has led a law-abiding life, been employed full time, supported a family, and has pursued various educational goals. The judge reconsidering the readmittance motion should have the opportunity to consider those facts and weigh them against the burden of having a criminal record.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0107-20